72 U.S. 180 (____)
5 Wall. 180
THE TERESITA.
Supreme Court of United States.

*181 Mr. Ashton, Assistant Attorney-General, for the United States.
Mr. Reverdy Johnson, contra, for the claimant.
The CHIEF JUSTICE stated the case and delivered the opinion of the court.
The bark Teresita was captured near the mouth of the Rio Grande, on the 16th of November, 1863, by the United States steamer Granite City. The cargo consisted of one hundred and fifty-eight bales of cotton.
She was brought into New Orleans for adjudication; and, upon hearing, the District Court directed restitution of the vessel and cargo.
There was no question of the neutrality of the ship or her cargo; but it was claimed for the captors that she was in Texan waters when captured, and therefore subject to just suspicion of intent to break the blockade.
The captain and the mate of the ship, in their preparatory *182 depositions, testified that she was in Mexican waters; but the captain being on shore at the time, could not be certainly informed as to this. A stevedore, who had been employed on board the vessel and had not been discharged, testified that she had drifted to the place where she was taken, under stress of weather. He did not know whether she was then in Texan or American waters. Her full cargo had been taken in at her former anchorage.
The preliminary hearing took place on this evidence, which, doubtless, warranted restitution.
Further proof, however, was allowed. It consisted of depositions by the captain and some other officers of the Granite City to the effect that the Teresita when captured was a quarter or half a mile north of the line, according to the bearings by the compass, and that the mate admitted that she was in Texan waters. But the same deposition showed that the mate declared that his vessel had drifted to the spot, his anchor and chain being too light; and assigned, as one reason for not returning to the former anchorage as soon as the wind became fair, that the captain was at Matamoras with the ship's papers, and he did not like to move the vessel without orders; and, as another, that the ship was fully laden and ready to sail, and had been seen by two American men-of-war, which did not disturb her, and he thought, therefore, that she might safely remain where she was till the captain returned. It appeared, also, that the mate proposed if not captured, to return at once to the anchorage from which he had drifted.
We are of opinion that, under such circumstances, temporary anchorage in waters occupied by the blockading vessels, does not justify capture, in the absence of other grounds. The case for the captors was not improved by the further proof. The decree of restitution must be affirmed, and we shall direct the costs and expenses to be paid by the captors.
DECREE AND DIRECTION ACCORDINGLY.